# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: July 7, 2020

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| DENISE WUNDERLER, *natural mother,* | * | UNPUBLISHED |
| and MICHAEL SAVINO, *natural father* | * | |
| of decedent, V.C.S., | * | |
| | * | |
| Petitioners, | * | No. 19-1468V |
| | * | |
| v. | * | |
| | * | Special Master Gowen |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Dismissal; Failure to Prosecute; |
| | * | Insufficient Proof. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Carol L. Gallagher,* Carol C. Gallagher, Somers Point, NJ, for petitioner.
*Emilie Williams,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION[1]

On September 24, 2019, Denise Wunderler and Michael Savino ("petitioners"), on behalf of V.C.S., filed a petition with the National Vaccine Injury Compensation Program.[2] Petitioners allege that the influenza ("flu") vaccine V.C.S. received on September 25, 2017 was the cause-in-fact of her death on November 12, 2017. Petition at Preamble (ECF No. 1). On June 30, 2020, respondent filed a motion to dismiss the petition. Respondent's ("Resp.") Motion ("Mot.") to Dismiss (ECF No. 26). Based on the evidence in the record, respondent's motion is hereby **GRANTED** and the petition shall be **DIMISSED.**

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

I. **Procedural History**

Petitioners filed their petition on September 24, 2019. Petitioners filed medical records and a statement of completion on September 26, 2019. ECF Nos. 7-9. On December 6, 2019, respondent filed a status report stating that he was not amenable to settlement discussions and would continue to defend against this claim. Resp. Status Report (ECF No. 15).

On February 3, 2020, respondent filed his Rule 4(c) report, stating that the petitioners failed to establish a medically appropriate temporal association between the vaccination and the death of V.C.S. and that petitioners have not put forth a medical theory establishing that the flu vaccine can cause sudden unexplained death ("SUDS"). Resp. Report ("Rept.") at 8.

An initial status conference was held on March 2, 2020. Scheduling Order (ECF No. 17). During the status conference, in which petitioners appeared along with their attorney of record, Ms. Gallagher, I explained the difficulty petitioners' will have in establishing by a preponderance of evidence the three *Althen* prongs, necessary to prove a "cause-in-fact case," in the Vaccine Program. *See* Scheduling Order, issued on Mar. 10, 2020. Additionally, petitioners explained that they were seeking alternative counsel. *Id.* I gave petitioners until May 11, 2020 to file a motion to substitute counsel or to file a motion to dismiss the petition. *Id.*

On May 7, 2020, petitioners filed a status report stating that they have been unable to retain substitute counsel and that they do not consent for their attorney of record to file a voluntary dismissal. Pet. Status Report (ECF No. 20).

A second status conference was held on June 1, 2020, where petitioners, along with their attorney of record, Ms. Gallagher appeared. Scheduling Order issued June 3, 2020. During this status conference, I explained that, "…without evidence of vaccine causation, as they are not claiming a Table injury, which often comes in the form of an opinion from a medical expert, there is insufficient evidence to make a favorable decision." *Id.* at 1. Petitioners stated that they did not intend to file any additional evidence or an expert report. *Id.* Petitioners also stated that they would not file a motion to dismiss the case. I ordered respondent to file a motion to dismiss the petition. *Id.*

On June 30, 2020, respondent filed a motion to dismiss the petition. Resp. Mot. to Dismiss. Respondent stated that "for the reasons set forth in respondent's Vaccine Rule 4(c) report, filed on February 3, 2020, respondent respectfully requests that the Special Master dismiss the petition." *Id.*

II. **Analysis**

Petitioners' claim may properly be dismissed on substantive grounds. A petitioner has the burden of establishing entitlement to compensation through one of two ways. The first way is to establish that the vaccinee suffered a "Table Injury," i.e., that he or she received a vaccine listed on the Vaccine Injury Table and subsequently developed a corresponding injury within a corresponding period of time. § 300aa-11(c)(1). In the present case, petitioners do not allege, nor do the medical records indicate, that V.C.S. suffered a Table Injury.

Thus, petitioners must proceed on the second route – they must establish that the vaccine actually caused (or "caused in fact") the onset or significant aggravation of a condition suffered § 300aa-13(a)(1)(A). Under the relevant test, petitioner must establish (1) a medical theory explaining how the vaccine could cause the harm; (2) a logical sequence of cause and effect; and (3) a medically acceptable temporal relationship between the vaccination and the injury. *Althen v. Sec'y of Health & Human Servs.*, 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Petitioners allege that the flu vaccine V.C.S. received on September 24, 2019, was the cause-in-fact of V.C.S.' death. Petition at Preamble. Petitioners filed medical records, including an autopsy report and a report by the SUDC Registry and Research Collaborative, however, petitioners did not produce evidence to support a medical theory connecting the flu vaccination to V.C.S.' death on November 12, 2017. Petitioners stated that they would not be filing an expert report addressing how the flu vaccine administered six-weeks prior could be the cause of V.C.S.' death. Therefore, it is appropriate to dismiss petitioners' claim for insufficient proof.

### III.  Conclusion

This cased is dismissed for failure to prosecute and for insufficient proof. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith. [3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).